No. 05-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 183N

MILTON CARL ROUNDFACE,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-03-135
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Milton Carl Roundface, *Pro Se*, Shelby, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

        Robert J. Long, Lake County Attorney, Polson, Montana

Submitted on Briefs: July 19, 2006

Decided:   August 8, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Milton Carl Roundface (Roundface) appeals from the order entered by the Twentieth Judicial District Court, Lake County, dismissing his petition for postconviction relief. We affirm.

¶3     In October of 2003, Roundface pled guilty to the offense of driving under the influence of alcohol (DUI), fourth or subsequent offense, a felony, pursuant to a written plea agreement. In exchange, the State agreed to recommend that the District Court sentence Roundface as a persistent felony offender to a term of 20 years in the Montana State Prison, with 10 years suspended, and impose certain conditions on his parole eligibility and period of probation. The District Court accepted Roundface's guilty plea to the felony DUI offense, sentenced him in conformity with the State's recommendation under the plea agreement, and entered judgment.

¶4     Roundface did not appeal. In October of 2004, however, he timely filed a petition for postconviction relief, with supporting affidavit and memorandum, alleging the District Court did not have the authority to sentence him as a persistent felony offender in conjunction with

2

his felony DUI conviction. Roundface asserted that the 2001 amendments to the felony DUI sentencing provisions in § 61-8-731, MCA, manifest the legislative intent that persons convicted of felony DUI receive treatment rather than extended periods of imprisonment, thus making application of a persistent felony offender designation and sentence to a felony DUI defendant legally inconsistent. The District Court dismissed Roundface's petition for failure to state a claim for relief. Roundface appeals.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law.

¶6     We recently held that, notwithstanding the 2001 amendments to § 61-8-731, MCA, a fourth or subsequent DUI remains a felony offense as defined in § 46-18-501, MCA, and, therefore, the § 46-18-502, MCA, persistent felony offender provisions apply where the State has provided proper notice of its intent to seek a persistent felony offender designation. *State v. Damon*, 2005 MT 218, ¶¶ 39-40, 328 Mont. 276, ¶¶ 39-40, 119 P.3d 1194, ¶¶ 39-40. Here, the State provided notice of its intent to seek such a designation and Roundface agreed in the plea agreement that the State could recommend the District Court sentence him to a 20-year sentence, with 10 years suspended, as a persistent felony offender. We conclude the District Court had the authority to impose the sentence it did and did not err in dismissing Roundface's postconviction relief petition on that basis.

3

¶7 Roundface also asserts that he was entitled to assistance of counsel in his postconviction proceedings because his trial counsel failed to preserve his right to a direct appeal and the District Court should have allowed him the opportunity to amend his postconviction relief petition prior to dismissing the original petition. Roundface did not request either appointment of counsel or an opportunity to amend his petition in the District Court. We repeatedly have held that we will not address arguments or issues raised for the first time on appeal. *See, e.g., Ford v. State*, 2005 MT 151, ¶ 12, 327 Mont. 378, ¶ 12, 114 P.3d 244, ¶ 12. As a result, we decline to address these arguments.

¶8 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS